IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ROBERT HARRIS**                                                                    **PLAINTIFF**

v.                                      No. 4:25-cv-558-DPM

**RITE OF PASSAGE**                                                              **DEFENDANT**

### ORDER

Harris filed an amended complaint that provides more details about his discrimination claim. *Doc. 7*. To evaluate whether he has stated a claim, the Court must screen his complaint and amended complaint together. 28 U.S.C. § 1915(e).

Harris says he was denied medical benefits. He names two women who explained to him that he must sign up for those benefits himself and do so online. *Doc. 7*. Uncomfortable with computers, Harris asked for help. After some time and some runaround, his director successfully signed him up for the medical benefits. Harris next says that he was frustrated to learn that he had aged out of the company's 401K-matching contributions. He further alleges that he was made to work long hours without breaks and was disciplined by his younger, white shift supervisor for raising a safety concern. *Doc. 7 at 3*. Finally, Harris says he was fired for asking for paid time off when he was sick with Covid.

Harris hasn't asserted an age discrimination claim that survives screening. His director timely signed Harris up for medical benefits. Although Harris's 401K contributions weren't matched, he doesn't point to anyone the same age or older who did receive matching 401K contributions. And he admits his long hours and delayed breaks were the result of limited staffing.

Harris, however, has stated a plausible race retaliation claim. He says that he was wrongly disciplined by a younger, white supervisor, resulting in a suspension. He was eventually fired. At this point, it's unclear whether Harris can connect his lost job to his complaints. But the suspension alone pushes the claim forward. The relevant harm that Harris suffered need not be significant to show race discrimination. *Muldrow v. City of St. Louis*, 601 U.S. 346, 355 (2024).

The Clerk must prepare summons for Rite of Passage, and deliver it, along with a copy of the complaint, amended complaint, and this Order to the United States Marshal for service. The Marshal must serve process, without prepayment of fees, by registered mail, restricted delivery, return receipt required, on any registered agent, officer, managing agent, or any other agent authorized to receive service at Rite of Passage, 1501 Woody Drive, Bryant, AR 72022.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

26 August 2026